# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF PLACER, et al.,<br><br>Defendants. | No. 2:19-CV-1494-KJM-DMC-P<br><br>FINDINGS AND RECCOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (ECF No. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

1

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Superior Court of the State of California for the County of Placer (Superior Court); and (2) the United States of America. See ECF No. 1, pg. 1. Below are plaintiff's factual allegations as best understood by this court.

It appears that on April 29, 2017, plaintiff was arrested as the result of a physical altercation between himself and another individual. After this arrest, he was booked, charged with an offense, and provided with legal counsel from the Placer County Public Defender's Office. According to plaintiff, this counsel apparently gave "inadequate representation" and plaintiff was subsequently placed in a state mental health facility. At this facility, plaintiff was given psychiatric medication which caused him adverse side-effects including memory damage. Plaintiff alleges that defendants violated his constitutional rights by failing to provide him with adequate legal counsel and then subsequently ordering him to receive unnecessary mental health treatment. Plaintiff also alleges that, after his arrest, he was denied adequate law library access and access to a speedy trial. As a result of these instances of misconduct, plaintiff claims to have suffered a deprivation of his Fifth, Sixth, and Fourteenth Amendment rights. See id.

///
///
///
///
///
///

## II. DISCUSSION

The court finds plaintiff's complaint suffers from a number of defects. Specifically: (1) neither named defendant may be sued under § 1983; and (2) claims related to the validity of his underlying criminal proceedings or judgment are not cognizable under § 1983.

### A. **Improper Defendants**

#### 1. Superior Court of the State of California

Defendant Superior Court of the State of California is immune from suit under the Eleventh Amendment. "[S]tates, state agencies, and state officials cannot be sued in their official capacities for money damages, under § 1983, because of the protection under the Eleventh Amendment of the U.S. Constitution." Cox v. Cty. of L.A., No. 2:19-cv-07702-PA (SHK), 2019 U.S. Dist. LEXIS 198014, at *11 (C.D. Cal. Oct. 8, 2019) (citations omitted). It is well established that the Superior Court is a California state agency. See id.; see also Greater Los Angeles Counsel on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987). Therefore, this federal action is barred under the Eleventh Amendment as to the Superior Court and it would be futile to grant plaintiff leave to amend.

#### 2. United States of America

Plaintiff has failed to state a valid claim against defendant United States of America. "Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acing under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). While municipalities and other local government units are considered "persons" to which § 1983 may apply, the "United States of America," as a named defendant, is not. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). This defect is fatal as to plaintiff's § 1983 action against the United States and may not be cured by granting leave to amend.

///
///
///

3

### B. <u>Non-Cognizable Claims</u>

Plaintiff alleges two claims related to his underlying state court criminal proceedings and/or judgement. Specifically, plaintiff alleges ineffective assistance of counsel and violation of his speedy trial rights. Neither claim is cognizable under § 1983. When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); see also <u>Neal v. Shimoda</u>, 131 F.3d 818, 824 (9th Cir. 1997); <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See <u>Heck v. Humphrey</u>, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. <u>Neal</u>, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. <u>Wilkinson v. Dotson</u>, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

///
///
///

Here, neither of plaintiff's claims relating to his underlying court proceedings and/or judgement relate to his condition of confinement. Claims alleging ineffective legal counsel or violation of constitutional rights at trial are better addressed in a petition for writ of habeas corpus than under § 1983.

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 13, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE